# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

CATHY BOTTOMS,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a New Hampshire Foreign Corporation,

Defendant.

_____

## COMPLAINT
_____

Plaintiff Cathy Bottoms ("Bottoms") for her Complaint against defendant Liberty Life Assurance Company of Boston ("Liberty Life") states and alleges as follows:

## I. PARTIES AND JURISDICTION

1.    Plaintiff Cathy Bottoms is and at all times pertinent hereto was a resident of the State of Colorado.

2.    Defendant Liberty Life Assurance Company of America is a New Hampshire Corporation, registered with the Colorado Division of Insurance and does business throughout the United States and in the State of Colorado.

3.    Defendant Liberty Life is the claim administrator for The Safeway Inc. Long Term Disability Plan ("Plan") on behalf of Plan's participants and beneficiaries, including employees and former employees of Safeway. Liberty Life is registered with the Colorado Division of Insurance and does business throughout the United States and in the State of Colorado.

4.    Liberty Life issued a group disability insurance policy (Group Policy No. GD/GF3-890-442930-01) (hereinafter "the Policy") which provides long term disability benefits to eligible

employees of Safeway. A copy of the Group Policy and "summary plan description" is attached hereto as **Exhibit 1**.

5. Safeway is the sponsor and administrator of the Plan, which is an "employee benefit plan" as that term in defined by 29 U.S.C. § 1002(3). Its principal location is 5918 Stoneridge Mall Rd., Pleasanton, CA 94588-3229.

6. At all relevant times, Bottoms was an employee of Safeway, and thus a "participant" in the Plan as that term is defined by 29 U.S.C. § 1002(7), and an insured under the Policy.

7. At all times relevant hereto, Liberty Life functioned as the claims fiduciary and made all relevant benefit determinations with regard to the long-term disability Policy and Bottoms' claims for benefits under the Policy.

8. The Plan benefits are insured by Liberty Life. Liberty Life is responsible for paying any disability benefits due under the Policy from its own funds if Bottoms is deemed disabled and entitled to benefits under the Policy. Further, Liberty Life is the sole proper payor of benefits under the Plan in connection with claims under policy number GF3-890-442930-01.

9. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 (ERISA), in particular, 29 U.S.C. §§ 1132(e)(1) & 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits under the terms of an employee welfare benefit plan which, in this case, consists of a group LTD plan and policy insured by Liberty Life for the benefit of employees of Safeway, including Plaintiff Cathy Bottoms.

10. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. §1132(e)(2).

11. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Following Defendant's denials of her claims, Plaintiff submitted appeals as required. Defendant Liberty Life upheld its adverse benefit determinations; thus Ms. Bottoms' claims are ripe for adjudication.

12. Defendant Liberty Life suffers from a structural conflict of interest as it decides whether the claimants, including Plaintiff, will receive benefits under the policy and is required to pay those benefits.

## II. GENERAL ALLEGATIONS

13. The Policy provides monthly LTD benefits of 60% of an insured's monthly pre-disability earnings, if a participant is "disabled" which is defined as follows:

"**Disability**" or "**Disabled**", with respect to Long Term Disability, means:

1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:

   a. if the Covered Person is eligible for the Maximum Own Occupation benefit, "**Disability**" or "**Disabled**" means during the Elimination Period and until the Covered Person reaches the end of the Maximum Benefit Period, as a result of an Injury or Sickness, he is unable to perform the Material and Substantial Duties of his Own Occupation.

   b. i. if the Covered Person is eligible for the 24 Month Own Occupation benefit, "**Disability**" or "**Disabled**" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

       ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

**Material and substantial duties**, with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own

Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

**Own Occupation**, with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.

**Exhibit 1.**

14. Prior to her disability, Cathy Bottoms was serving as a District Shrink Specialist at Safeway, until she was no longer able to work due to a culmination of chronic medical conditions including GERD, esophagitis, Barrett's esophagus, Hashimoto's thyroiditis with residual goiter, hypothyroidism, adenomatous polyp colon, diverticulosis, multilevel degenerative changes in thoracic spine, dysphagia, chest pain, chronic sinusitis, COPD, asthma, allergic rhinitis, obstructive sleep apnea, obstructive airways disease, and obstructive bronchopulmonary defect, and abnormal respiratory drive, and esophageal spasms, which render her disabled.

15. Subsequent to ceasing her employment, Ms. Bottoms made a claim seeking short-term disability ("STD") benefits under the Plan.

16. Liberty Life approved Ms. Bottoms' claim for STD beginning October 6, 2007. Upon Ms. Bottoms' exhaustion of the STD benefits, Liberty Life approved her LTD benefits by letter dated March 25, 2008, which became payable as of April 5, 2008.

17. Ms. Bottoms continued to receive LTD benefits from Liberty Life through April 6, 2010, for a total of 24 months.

18. By letter dated April 28, 2010, Liberty Life informed Ms. Bottoms her LTD benefits would be terminated effective April 6, 2010.

19.     On October 25, 2010, with the assistance of undersigned counsel, Ms. Bottoms submitted an appeal of the denial to Liberty Life. The appeal letter included additional medical records, letters from treating physicians, and other evidence verifying her disability.

20.     By letter dated December 9, 2010, Liberty Life upheld its adverse benefit determination, stating "[i]n the absence of medical evidence to support Ms. Bottoms' inability to perform alternative occupations, she does not meet the definition of disability as stated in the Safeway, Inc. Long Term Disability Policy."

21.     The evidence in Liberty Life's claim file established that Ms. Bottoms was disabled pursuant to the provisions of the Policy, illustrating that she was entitled to LTD benefits.

22.     In denying the claim, Liberty Life ignored all documentation and information it had available to it from Plaintiff, treating medical providers and others showing that the Plaintiff was incapable of performing any occupation.

23.     Defendant Liberty Life's denial of benefits is and has been in derogation of Plaintiff's rights by contract and pursuant to law.

24.     Defendant Liberty Life's denial of benefits, and its refusal to reverse its decision upon review of Plaintiff's claims, was not a substantially justified decision, was arbitrary and capricious, was unsupported by substantial evidence, constituted abuse of any discretion allowed and was wrongful under all the circumstances.

25.     Plaintiff is entitled to a *de novo* review of Liberty Life's adverse benefit determination based in part on C.R.S. §10-3-1116 which bans discretionary clauses from group disability policies and specifically mandates *de novo* review of first party insurance claims.

26.     Determinations by Liberty Life under the Policy are not entitled to deference because Liberty Life acted in its own financial interests, and Liberty Life does not have or maintain the neutrality or objectiveness of a fiduciary under the circumstances.

27.     Based on the evidence submitted to Liberty Life establishing that Ms. Bottoms has met and continues to meet all of the Plan's conditions for long term disability benefits, Ms. Bottoms is entitled to benefits retroactive to April 6, 2010, and said benefits are due and owing through the date of judgment with interest due on all past-due payments.

28.     Since originally filing her claim with Liberty Life, Cathy Bottoms has been and remains disabled as that term is defined by the Policy.

## II.   CLAIM FOR RELIEF
### (Claim for Benefits Due - ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))

29.     ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) provides a plan participant such as Plaintiff with a civil action to recover benefits due under the terms of a plan and to enforce her rights under the terms of the plan. Ms. Bottoms is entitled to recover long-term disability benefits due to her under the terms of the Policy.

30.     Under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), Ms. Bottoms is entitled to clarification that she has rights to payment of future long-term disability benefits under the terms of the Policy affording such benefits.

31.     Under ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3), Ms. Bottoms is entitled to a declaration that Liberty Life is obligated to pay Ms. Bottoms benefits for her long-term disability and require Liberty Life to provide such benefits as long as Ms. Bottoms remains disabled.

32.     ERISA Section 503, 29 U.S.C. §1133, requires that a claimant for benefits whose claim has been denied in whole or in part is entitled to a "full and fair review" of the denials of her claims.

33.     As a result of Liberty Life's violations of ERISA and/or long term disability plan alleged above, Plaintiff has been denied benefits due and has been denied a full and fair review of her claim.

34.     As an employee of Safeway, and upon information and belief, Ms. Bottoms is also entitled to life insurance protection. Upon information and belief, the life insurance employee benefit and/or insurance policy funding the same contained a "life waiver of premium provision" which provides that her life insurance coverage would continue, without having to pay a premium for such coverage, so long as she is disabled under the terms of such provision. Ms. Bottoms has attempted to obtain plan documents and/or the relevant insurance policy in order to submit a life waiver of premium (LWOP) claim with the appropriate entity. Despite her efforts, these documents have not been produced. Plaintiff therefore reserves the right to file a claim for LWOP benefits and to have those rights determined in this lawsuit. Plaintiff also reserves the right to pursue a claim for penalties under the applicable ERISA provisions due to the Defendant's and the plan sponsor's failure to respond to written requests for plan documents.

35.     Pursuant to 29 U.S.C. § 1132(g), Ms. Bottoms is entitled to an award of her reasonable attorneys' fees and costs incurred in bringing this action.

**WHEREFORE,** Plaintiff Ms. Bottoms requests a judgment in her favor and against Defendants, and that the Court provide relief against Defendants as follows:

a. Declare that Defendants failed to comply with its obligations under 29 U.S.C. §1133 and its implementing regulations to provide Plaintiff with the opportunity for a full and fair review of the denial of her claim and also violated those obligations by failing to fully and fairly review that denial;

b. Declare that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits under the defendant Plan;

c. Order Liberty Life to pay past-due LTD benefits to Ms. Bottoms from April 6, 2010 to the date of judgment, together with interest at the legal rate on each monthly payment from the date it became due to the date it is paid or, in the alternative, a remand to the plan administrator for a determination of Plaintiff's claim consistent with the terms of the plan;

d. Order the Defendants to pay Ms. Bottoms the costs of suit herein, and a reasonable attorneys fee, pursuant to ERISA Section 502(g)(1), 29 U.S.C. §1132(g);

e. Determine and then declare that Ms. Bottoms is entitled to receive benefits so long as she continues to meet the terms and conditions in the Plan for receipt of benefits;

f. That the Court Grant such other and further equitable relief as this Court deems just and proper.

DATED this 17th day of June, 2011:

LAW OFFICE OF SHAWN E. MCDERMOTT, LLC

*s/Shawn E. McDermott*

_____
Shawn E. McDermott, #21965
2300 15th Street, Suite 200
Denver, CO 80202
(303) 964-1800
(303) 964-1900 (Fax)
shawn@mcdermottlaw.net
*Attorney for Plaintiff*

Plaintiff's Address:
4901 Sunbeam Road
Apt. 617
Jacksonville, FL 32257